## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

GREGORY LOEHR, on behalf of himself and others similarly situated,

    *Plaintiff,*

v.

QUICK AID LLC, and STELLAR MARKETING SOULTION LLC,

    *Defendants.*

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION FILE NO.

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff Gregory Loehr (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. This case involves a campaign by Quick Aid LLC ("Quick Aid") and the call center it hired Stellar Marketing Solution LLC ("Stellar") who made telemarketing calls by contacting numbers using artificial voices and pre-recorded messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. Plaintiff also alleges that Stellar used automated systems to make telemarketing calls for Quick Aid into Florida and that by doing so Defendants have

violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 ("FTSA").

3.      The recipients of Defendants' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and FTSA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff Loehr is a Sarasota County, Florida resident.

5.      Defendant Quick Aid is a corporation headquartered in St. Petersburg, Pinellas County, Florida.

6.      Defendant Stellar is a limited liability company headquartered in Sheridan, Sheridan County, Wyoming.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claims.

8.      This Court has general jurisdiction over Quick Aid because it resides here, and specific personal jurisdiction over Defendants because they made calls to Plaintiff who resides in this District.

2

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The TCPA

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

The Florida Telephone Solicitations Act

12.     The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

13.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

3

14.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

15.     Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

16.     Defendants are each "persons" as the term is defined by 47 U.S.C. § 153(39).

17.     Plaintiff's telephone number is (941) XXX-XXXX.

18.     Plaintiff did not consent to being contacted by Defendants.

19.     Despite this, Plaintiff received at least eight calls from Stellar Marketing in April 2026.

20.     On April 6th, 9th, 16th, and 21st, Plaintiff received four calls from Stellar Marketing for Quick Aid from various (941) 766-XXXX and (941) 764-XXXX telephone numbers.

21.     The calls that Plaintiff answered began with an artificial or prerecorded voice.

22.     On April 21, 2026, Plaintiff received a call from Stellar Marketing for Quick Aid from Caller ID (941)-761-6938.

23.     Plaintiff immediately heard and artificial voice or a prerecorded message that stated, "Do you have any disability?"

24.     Plaintiff was then transferred to a live agent for Quick Aid.

25.     Plaintiff then received a text message from Quick Aid that confirmed the nature of the call and purpose of the campaign.

26.     A screenshot of the text message is provided below:



27.    The Plaintiff is not alleging that the text message is a violation of the TCPA or FTSA.

28.    Plaintiff then received another call from Defendant Stellar Marketing for Quick Aid on April 21 from telephone number (941) 766-8320.

29.    Plaintiff answered the call and immediately heard the same artificial voice or prerecorded message that it had previously heard that day.

30.    The voice was artificial or prerecorded based on the tone, style, speech pattern, and identical content in each of the calls.

31.    Moreover, when compared to the live voice of the agent on the first answered call, the voice at the start of the call was clearly artificial.

32.    Plaintiff's counsel wrote to Quick Aid about the unwanted calls.

33.    In response Quick Aid confirmed that Stellar made the calls.

34.    Indeed, Stellar also reached out the Plaintiff's counsel directly about the calls.

35.    Plaintiff did not consent to the calls.

36.    The calls were not necessitated by an emergency.

37.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed.  Plaintiff and the Class Members were also harmed by

use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

38. At all relevant times, Defendant Stellar acted as a telemarketing agent for Defendant Quick Aid LLC.

39. Stellar placed the telemarketing calls described herein for the purpose of promoting Quick Aid's services and generating prospective customers and leads for Quick Aid.

40. Quick Aid authorized Stellar to place telemarketing calls on its behalf and provided Stellar with direction and authority concerning the telemarketing campaign.

41. Quick Aid controlled or had the right to control the manner and means of Stellar's telemarketing activities, including the services being marketed, the consumers targeted, the use of transferred calls, and the handling of prospective customer information generated through the campaign.

42. The calls made by Stellar were intended to benefit Quick Aid, and Quick Aid accepted and retained the benefits generated by the telemarketing campaign.

43. During at least one of the calls received by Plaintiff, Plaintiff was transferred from the prerecorded message to a live agent for Quick Aid, further confirming that the calls were placed on behalf of and for the benefit of Quick Aid.

44.     This also confirms the access to systems that Quick Aid provided Stellar.

45.     The text message received by Plaintiff from Quick Aid after the call further confirmed the nature and purpose of the telemarketing campaign and the relationship between Stellar and Quick Aid.

46.     Despite the automated nature of the calls, Quick Aid nevertheless knowingly allowed Stellar's telemarketing conduct.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendants, or a third party on their behalf, placed a call using artificial or pre-recorded messages (3) within the four years prior to the filing of the Complaint.

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendants' goods and/or services made from or to Florida, (2) using artificial or pre-recorded messages (3) from July 1, 2021 through the date of trial.

48.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

49.    Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

50.    Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

51.    There are questions of law and fact common to Plaintiff and the proposed classes, including:

(i)    Whether the Defendants contacted numbers using artificial voices or prerecorded messages;

(ii)    Whether Defendants made such calls to Florida area codes;

(iii)    Whether Defendants made such calls with express consent; and

(iv)    Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

52.    Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

53.    Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, she will fairly and adequately protect the class's interests, and she is represented by counsel skilled and experienced in litigating class actions.

54.    The Defendants' actions are applicable to the class and to Plaintiff.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**U.S.C. § 227(b)**
**On behalf of Plaintiff and the Robocall Class**

55.  The above allegations of paragraphs 1-54 are repeated and realleged herein as if set forth herein.

56.  Defendants violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

57.  As a result of Defendants 'violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.  The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

59.  Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendants from using a pre-recorded voice in the future, except for emergency purposes.

## SECOND CAUSE OF ACTION
### Violation of the Florida Telephone Solicitation Act,
### Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

60. The above allegations of paragraphs 1-54 are repeated and realleged herein as if set forth herein.

61. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendants.

62. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

63. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

64. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

12

65.    In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

66.    Defendants made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made using an artificial or pre-recorded voice message and/or utilizing an automated system for the selection or dialing of telephone numbers.

67.    As a result of Defendants' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.    That the Court certify the proposed classes;

B.    That the Court appoints Plaintiff as class representative;

E.    That the Court appoint the undersigned counsel as counsel for the classes;

F.    That the Court enter a judgment permanently enjoining Defendants from the conduct above;

13

G.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

H.     That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF, on behalf of himself and others similarly situated.

Dated: May 15, 2026.                    Respectfully submitted,

*s/Avi R. Kaufman*
Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*

*Lead Attorney

14